**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**DAVTYAN PROFESSIONAL LAW CORPORATION**
EMIL DAVTYAN, Esq., Cal. Bar No. 299363
emil@davtyanlaw.com
emildavtyanlaw.com
5959 Topanga Canyon Blvd., Suite 130
Woodland Hills, CA 91367
Tel: (818) 875-2008; Fax: (818) 722-3974

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GARCIA, an individual, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>SAN DIEGO SERVICES, LLC; PARAGON SERVICES ENGINEERING; and DOES 1 thru 50, inclusive<br><br>DEFENDANTS. | CASE NO. **'18CV1710 BTM BGS**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.   Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b, et seq.;<br><br>2.   Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b, et seq.; and<br><br>3.   Violation of Labor Code §226(a)<br><br>**DEMAND FOR A JURY TRIAL** |

1

Plaintiff ANDRES GARCIA ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

# I.

## INTRODUCTION

1.    Defendant SAN DIEGO SERVICES, LLC ("Defendant") is a California Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.    Defendant provides engineering services such as preventative maintenance, property and equipment surveys, tenant service requests, and 24 hours emergency repairs.

3.    Plaintiff was hired through Defendant's San Diego office and performed work for Defendant in San Diego, California as a maintenance attendant. During the application process, Plaintiff filled out Defendant's "Applicant Authorization and Release" form ("disclosure and authorization form") permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

4.    Plaintiff now brings this Class Action on behalf of himself and the following two proposed subclasses, defined as:

(1) All applicants in the United States who filled out SAN DIEGO SERVICES LLC's standard "Applicant Authorization and Release" form that included an authorization and a liability release clause at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court. (the "Proposed FCRA Class"); and

(2) All person who are or have been employed by SAN DIEGO SERVICES LLC from one (1) year prior to the filing of this Complaint and ending on the date as determined by the Court (the "Proposed California Class").

CLASS ACTION COMPLAINT

Both the Proposed FCRA Class and the Proposed California Class shall collectively be referred to as the "Proposed Classes."

## II.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the Fair Credit Reporting Act 15 U.S.C. §1681, *et seq.* ("FCRA"). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.    Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.

## THE PARTIES

A.    PLAINTIFF

7.    Plaintiff was hired through Defendant's San Diego office and he performed work for Defendant in the county of San Diego, within the State of California.

8.    Plaintiff began work for Defendant in May 16, 2017 as an hourly worker with the title of "maintenance attendant."

B.    DEFENDANT

9.    Defendant is a California corporation that maintain offices in California including in the city and county of San Diego, and at all times relevant herein conducted and continue to conduct business throughout the State of California.

10.    Defendant's entity address listed with the California Secretary of State is 5415 Oberlin Drive, San Diego, CA 92121.

11.    Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard form permitting Defendant to obtain a consumer report

1    verifying the applicant's background and experience.

2        12.    With respect to the events at issue in this case, Defendant acted as the
3    employer of Plaintiff and all other persons similarly situated. As the employer,
4    Defendant is liable for the violations of law described in this Complaint.

5        13.    Plaintiff is ignorant of the true name, capacity, relationship and extent
6    of participation in the conduct herein alleged of the Defendant sued herein as DOES
7    1 through 50, but are informed and believe and thereon allege that said Defendant is
8    legally responsible for the wrongful conduct alleged herein and therefore sue these
9    Defendant by such fictitious names. Plaintiffs will amend this complaint to allege
10   their true names and capacities when ascertained.

11       14.    Plaintiff is informed and believes and thereon allege that each
12   Defendant acted in all respects pertinent to this action as the agent of the other
13   Defendant, and/or carried out a joint scheme, business plan or policy in all respects
14   pertinent hereto, and/or the acts of each Defendant are legally attributable to the
15   other Defendant.

16                                  **IV.**

17                        **NATURE OF THE ACTION**

18       15.    The Fair Credit Reporting Act 15 U.S.C. §1681, et seq. ("FCRA")
19   provides individuals with a number of rights. Specifically, pertaining to
20   employment-related background checks referred to as "consumer reports", the
21   FCRA provides that a prospective employee must give valid consent to the
22   background check. The FCRA requires a signed authorization and disclosure from
23   the applicant, sometimes referred to as a "consent" form.

24       16.    The authorization and disclosure form must be executed and signed by
25   the applicant prior to an employer requesting or conducting a background check.
26   Importantly, no extraneous information can be attached or included on the consent
27   form. The authorization and disclosure must stand-alone.

28       17.    In violation of 15 U.S.C. §1681b(b)(2)(A)(i), Defendant has unlawfully

                                    4

inserted extraneous provisions into its standard forms purporting to grant Defendant the authority to obtain and use consumer report information for employment purposes for Plaintiff and all Proposed FCRA Class Members. The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand-alone forms, and not include any additional information or agreements. Defendant's decision to include extraneous information in its disclosure and authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

18.    In violation of 15 U.S.C.§ 1681b(b)(2)(A)(ii), Defendant has obtained consumer reports regarding Plaintiff and all Proposed FCRA Class Members without proper authorization because the authorization and disclosure forms failed to comply with the requirements of the FCRA.

19.    The inclusion of the liability waiver in Defendant's disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

20.    In addition, Defendant's failure to secure signed disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

## V.

## FACTUAL ALLEGATIONS

21.    Plaintiff applied to work for Defendant. In connection with his

CLASS ACTION COMPLAINT

employment application, Plaintiff filled out Defendant's standard form labeled as a "Applicant Authorization and Release." Following his completion of the application, Defendant hired Plaintiff.

22.    Upon information and belief, Defendant's standard form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience was not limited just to the authorization, but contained extraneous information.    Upon information and belief, Defendant required all applicants to complete the same standard form permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

23.    The inclusion of this extraneous information in Defendant's standard form permitting Defendant to obtain a consumer report verifying an applicant's background and experience violates the FCRA, 15 U.S.C. § 1681, *et seq.*

24.    Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

25.    Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that the form should not include any extraneous information. Further, the FTC has also specifically warned that the inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A), which requires that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

26.    This requirement is meant to prevent the consumer from being

distracted by other extraneous information side-by-side with this very important disclosure. The disclosure shall not be diminished in importance by including unrelated information. The disclosure must be clear and conspicuous, understandable and noticeable.

27.    By including extraneous information in its standard form permitting Defendant to obtain a consumer report verifying the applicant's background and experience, Defendant's conduct is contrary to the plain language of the statute. Defendant willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A).

28.    Defendant's failure to provide a clear disclosure, in a document that consists solely of the disclosure, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. section 1681b(n)(2)(A)(i)–(ii). Because Defendant unlawfully included extraneous information in its standard form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience, Plaintiff was confused by the standard form document and did not understand that Defendant would be requesting a "consumer report" as defined in the FCRA.

29.    Upon information and belief, Plaintiff and the Proposed California Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 04-2001 (Title 8 Cal. Code of Regs. §11040).

30.    From at least one (1) year prior to the filing of this action continuing to the present, Defendant has had a consistent policy of failing to issue Plaintiff and the Proposed California Class members accurate itemized wage statements in violation of Labor Code §226(a).

31.    Defendant has failed to comply with Labor Code §226(a) by failing to provide Plaintiff and all Proposed California Class Members with itemized wage statements showing the name of the legal entity that is the employer in violation Labor Code §226(a)(8).

CLASS ACTION COMPLAINT

# VI.

## THE CLASSES

32.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent the two subclasses defined as follows:

(1) All applicants in the United States who filled out SAN DIEGO SERVICES LLC's standard "Applicant Authorization and Release" form that included an authorization and a liability release clause at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court. (the "Proposed FCRA Class"); and

(2) All person who are or have been employed by SAN DIEGO SERVICES LLC from one (1) year prior to the filing of this Complaint and ending on the date as determined by the Court (the "Proposed California Class"). Both the Proposed FCRA Class and the Proposed California Class shall collectively be referred to as the "Proposed Classes."

33.    Plaintiff reserves the right to amend or modify the class descriptions with greater specificity or further division into additional subclasses or limitation to particular issues.

34.    Defendant, as a matter of corporate policy, practice, and procedure, in violation of 15 U.S.C. §1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendant uniformly, unfairly, and unlawfully instituted a policy of including a liability release in its Applicant Authorization and Release form.

35.    Defendant uniformly violated the rights of the Proposed FCRA Class by violating the FCRA 15 U.S.C. §1681b(b)(2)(A)(i)-(ii) by including a liability release in its Applicant Authorization and Release form.

36.    Defendant also uniformly violated the rights of the Proposed California Class by failing to issue accurate itemized wage statements showing the name of the legal entity that is the employer in violation of Labor Code § 226(a).

37.    This class action on behalf of members of the Proposed Classes, as well as each subclass interpedently, meet the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A.    Numerosity

38.    The Proposed FCRA Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

39.    The Proposed California Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed California Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, has employed well over 1,000 current and former California employees.

40.    Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Classes.

B.    Commonality

41.    There are questions of law and fact common to the Proposed Classes that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

   a.    Whether Defendant required members of the Proposed FCRA Class to fill out a "Applicant Authorization and Release" form;

   b.    Whether Defendant's "Applicant Authorization and Release" form complies with 15 U.S.C. §1681, et seq. complies with 15 U.S.C. §1681, et seq.;

c. Whether Defendant violated 15 U.S.C. §1681, et seq. by including a liability release in their Applicant Authorization and Release form;

d. Whether Defendant violated 15 U.S.C. §1681, et seq. by procuring consumer reports without valid authorization; and

e. Whether Defendant's violations of 15 U.S.C. §1681, et seq. were willful; and

f. Whether Defendant violated Labor Code § 226(a) and Wage Order 04-2001 or other applicable IWC Wage Orders, and Cal. Code Regs. Title 8, Section 11040 by failing to provide Plaintiff and all Proposed California Class members with accurate itemized wage statements showing the name of the legal entity that is the employer.

C.    <u>Typicality</u>

42.    The claims of the named Plaintiff are typical of the claims of the members of the Proposed Classes.

43.    Plaintiff is a member of both the Proposed FCRA Class and the Proposed California Class. Plaintiff was an applicant and filled out Defendant's "Applicant Authorization and Release" form during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed FCRA Class. Additionally, Plaintiff was employed by Defendant within California, and during the applicable statutory period, and was issued at least one (1) violative wage statement under Cal. Labor Code § 226(a), as other members of the Proposed California Class.

44.    Thus, Plaintiff and other members of the Proposed Classes suffered the same injuries and seek the same relief.

D.    <u>Adequacy of Representation</u>

45.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Classes.

46.    Counsel for Plaintiff are competent and experience in litigation large

CLASS ACTION COMPLAINT

complex consumer and wage and hour class actions.

E.    Predominance and Superiority of a Class Action

47.    A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Classes is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Proposed Classes.

48.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

49.    Class action treatment will allow a large number of similarly situated applicants and California employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Classes to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

///
///
///
///
//
///

CLASS ACTION COMPLAINT

# VII.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## [15 U.S.C. § 1681b(b)(2)(A)(I), *ET SEQ.*]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED FCRA CLASS AGAINST ALL DEFENDANTS)

50.    Plaintiff, and the other members of the Proposed FCRA Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

51.    Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) of the FCRA by including a liability release in the "Applicant Authorization and Release" form that Plaintiff and all other members of the Proposed FCRA Class were required to fill out as a condition of seeking employment with Defendant.

52.    The violations of the FCRA were willful. Defendant knew that their disclosure and authorization forms should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed FCRA Class under 15 U.S.C. § 1681b(b)(2)(A)(i).

53.    Plaintiff and all other members of the Proposed FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

54.    Plaintiff and all other members of the Proposed FCRA Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

55.    Plaintiff and all other members of the Proposed FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

# VIII.

## SECOND CAUSE OF ACTION

### FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA

### [15 U.S.C. § 1681b(b)(2)(A)(II)]

### (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED FCRA CLASS AGAINST ALL DEFENDANTS)

56.   Plaintiff, and the other members of the Proposed FCRA Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

57.   Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and all other members of the Proposed FCRA Class without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

58.   The violations of the FCRA were willful. Defendant acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed FCRA Class under 15 U.S.C. § 1681b(b)(2)(A)(ii).

59.   Plaintiff and all other members of the Proposed FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

60.   Plaintiff and all other members of the Proposed FCRA Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

61.   Plaintiff and all other members of the Proposed FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///

///

///

CLASS ACTION COMPLAINT

# IX.

## THIRD CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE §226(A)

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED

## CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

57.    For at least one (1) year prior to the filing of this action and continuing to the present, Defendant has failed to provide accurate itemized wage statements in compliance with Labor Code § 226(a).

58.    Labor Code § 226(a)(8) specifically requires that the employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing the name and address of the legal entity that is the employer.

59.    Plaintiff and the Proposed California Class are issued wage statements that do not show the name of the employer.

60.    Thus, Defendant's itemized wage statements issued to the Proposed California Class members, including Plaintiff, violate Labor Code § 226(a) and the Defendant has violated Labor Code § 226(a) with respect to Plaintiff and all Proposed California Class members.

61.    As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 226(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the Proposed FCRA Class:

A)    That the Court certify the First and Second Causes of Action asserted by the Proposed FCRA Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)    A determination and judgment that Defendant willfully violated 15

CLASS ACTION COMPLAINT

1    U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA by improperly including
2    liability release language in its background check disclosure and
3    authorization form and by obtaining consumer reports on Plaintiff and
4    all other members of the Proposed FCRA Class without having proper
5    authorization to do so;

6    C)    Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages
7         to Plaintiff and all other members of the Proposed FCRA Class in an
8         amount equal to $1,000 for Plaintiff and all other members of the
9         Proposed FCRA Class for Defendant's willful violation of the FCRA;

10   D)    Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to
11        Plaintiff and all other members of the Proposed FCRA Class;

12   E)    An award for costs of suit and reasonable attorneys' fees pursuant to 15
13        U.S.C. § 1681n(a)(3).

14  2. On behalf of the Proposed California Class:

15   A)    That the Court certify the Third Cause of Action asserted by the
16        Proposed California Class as a Class Action pursuant to Fed. R. Civ.
17        Proc. 23(b)(2) and/or (3);

18   B)    For penalties pursuant to Labor Code § 226(e) for violation of Labor
19        Code § 226(a) in the amount of fifty dollars ($50) for the initial pay
20        period in which a violation occurs and one hundred dollars ($100) per
21        employee for each violation in a subsequent pay period, not exceeding
22        an aggregate penalty of four thousand dollars ($4,000), to the Proposed
23        California Class;

24   C)    An award for costs of suit and reasonable attorneys' fees pursuant to
25        California Labor Code § 226;

26   D)    An order enjoining Defendant and its agents, servants, and employees,
27        and all persons acting under, in concert with, or for it from providing
28        Plaintiff and the Proposed California Class with accurate itemized wage

15

**CLASS ACTION COMPLAINT**

1      statements pursuant to Labor Code § 226 (a) and IWC 04-200l.

2      E)     Such other and further relief as the Court deems just and equitable.

3

4                  **<u>DEMAND FOR JURY TRIAL</u>**

5      Plaintiff hereby demands a trial of his claims by jury to the extent authorized

6 by law.

7

8    DATED: July 26, 2018        KINGSLEY & KINGSLEY, APC

9

10                  By:_____

11                    Eric B. Kingsley
                     Kelsey M. Szamet

12                      Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**